UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OLIVER CASTILLO PETITIONER

V. CIVIL ACTION NO. 3:25-CV-472-DPJ-ASH

WARDEN, FCI YAZOO CITY LOW II RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Oliver Castillo filed this 28 U.S.C. § 2241 petition challenging the Bureau of Prisons' ("BOP") calculation and application of time credits under the First Step Act ("FSA"). As explained below, the undersigned recommends that the petition be dismissed without prejudice for failure to exhaust.

I. Facts and Procedural History

Castillo, an inmate incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, is serving an 84-month term of incarceration imposed by the Northern District of Georgia on July 18, 2023. Attach. [13-2] at 2. Believing that the BOP had miscalculated or misapplied his FSA credits, resulting in an incorrect projected release date, Castillo filed this habeas petition. Pet. [1] at 7; *see also* Am. Pet. [4]. Respondent filed a timely response in opposition, Resp. [13], to which Castillo replied [14].

II. Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies

through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

The appeal to the General Counsel "is the final administrative appeal." 28 C.F.R. § 542.15(a). "Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023), *report and recommendation adopted*, 2023 WL 8005316 (Nov. 17, 2023). "[P]roper exhaustion of administrative remedies is necessary,"

and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008).

Castillo does not claim to have exhausted. Am. Pet. [4] at 2 (answering "No" to the question "Did you appeal the decision, file a grievance, or seek an administrative remedy?"). And the BOP's records confirm that he has not. Amy Landers Decl. [13-1] ¶ 13 ("Petitioner has failed to file any administrative remedies pertaining to the issues raised in his petition."). Castillo instead argues that exhaustion would be futile given that "the BOP's administrative remedy process . . . would require no less than 120 days and most certainly not change the record before this Court." Am. Pet [4] at 9. So he asks that his failure to exhaust be excused. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (noting an exception to the exhaustion requirement "where the attempt to exhaust such remedies would itself be a patently futile course of action" (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994))).

While it is true that exhaustion is not a jurisdictional prerequisite to seeking relief under § 2241, courts in the Fifth Circuit nevertheless require federal prisoners to "exhaust 'administrative remedies before seeking habeas relief . . . under . . . § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). And although there are "[e]xceptions to the exhaustion requirement," they "apply only in extraordinary circumstances, and it is [Castillo's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62).

Turning to Castillo's first argument, he claims he should be excused from exhausting because the time it may take to complete the administrative remedy process will extend beyond

what he believes is his release date. Am. Pet. [4] at 9. Indeed, he claims the process "would require no less than 120 days." *Id.* But "[t]he fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process." *Maurice v. Wingfield*, No. 3:25-CV-291-TSL-MTP, 2025 WL 1892529, at *3 (S.D. Miss. June 9, 2025), *report and recommendation adopted as modified,* No. 3:25-CV-291-TSL-MTP, 2025 WL 1888222 (S.D. Miss. July 8, 2025). "Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973)), *report and recommendation adopted*, 2025 WL 1296185 (S.D. Miss. May 5, 2025); *accord Mosquera v. United States*, No. 3:25-CV-487-DPJ-ASH, 2025 WL 3681375, at *1 (S.D. Miss. Dec. 18, 2025). While this process may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser*, 411 U.S. at 494–95. "The possibility of [Castillo's] sentence expiring while the administrative remedy process is pending falls short of the 'extraordinary circumstances' required" to excuse exhaustion. *Goss v. Longley*, No. 3:13-CV-825-DCB-MTP, 2014 WL 4658970, at *2 (S.D. Miss. Sept. 17, 2014) (citing *Fuller*, 11 F.3d at 62).

As to Castillo's belief that he will be unsuccessful in the administrative remedies process, Am. Pet. [4] at 9, this too does not excuse his obligation to exhaust. *Andrade v. Childress*, No. 3:25-CV-822-KHJ-MTP, 2026 WL 1140905, at *2 (S.D. Miss. Mar. 30, 2026), *report and recommendation adopted*, 2026 WL 1139640 (S.D. Miss. Apr. 27, 2026). "[T]he mere fact that [Castillo] believes his administrative review will be denied does not make th[e] remedy futile." *Kennedy v. Berkebile*, No. 3:08-CV-2067, 2009 WL 151207, at *2 (N.D. Tex. Jan. 20, 2009) (quoting *Herman v. Wendt*, No. 3:03-CV-1204, 2004 WL 60818, at *2 (N.D. Tex. Jan. 13, 2004),

*report and recommendation adopted*, 2004 WL 557290 (N.D. Tex. Feb. 11, 2004)). Indeed, "[e]ven if the BOP is likely to deny relief, it does not make exhaustion futile." *Andrade*, 2026 WL 1140905, at *2 (quoting *Wy v. Berkebile*, No. 3:08-CV-1894, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008)).

In sum, Castillo was required to exhaust before filing his habeas petition. He has not met his burden to show he should be excused from exhausting. *See Fuller*, 11 F.3d at 62 ("[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [Petitioner] bears the burden of demonstrating the futility of administrative review." (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992))). His petition should be dismissed.

III. Conclusion and Recommendation

The undersigned has considered all arguments. Any not directly addressed would not have changed the recommendation. For the foregoing reasons, the undersigned recommends that Castillo's petition be dismissed without prejudice for failure to exhaust.

IV. Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[1] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions,

[1] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 6th day of August, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE